UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY HAYWOOD | CASE NO. 1:10-CV-01808-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| | (ECF NO. 1) |
| v. | |
| RAMON, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

On September 30, 2010, Plaintiff Jerry Haywood, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at Wasco State Prison ("WSP"). (Compl. p.1, ECF No. 1.) His complaint is difficult to read and difficult to understand. He appears to assert as follows: On August 16, 2010, Defendant Ramon verbally harassed him and other inmates. (Compl. at 5.) Defendants Martinez and Butler discussed the matter with Plaintiff, who became upset and was ordered to the "Cage". (Id. at 5-6.) On the way to the Cage, "4 to

5 officers began to choke and hit and kick [Plaintiff]", apparently because they perceived Plaintiff spat upon them, which Plaintiff disputes. (Id. at 6.) One of the Defendants then allegedly told the others that "we aren't allowed to do this" and the use of force then stopped. (Id.)

The Complaint attaches an Inmate Appeal Form, which appears to state that in the August 16, 2010 incident, Defendant Ramon failed to comply with Title 15 California Code of Regulations Section 3391(a), which deals with "Employee Conduct".[1] (Id. at 4.)

Plaintiff's Complaint appears to claim a violation of Plaintiff's Eighth Amendment right to be free from excessive force. It names as Defendants: (1) Ramon, Correctional Officer, (2) Martinez, Correctional Officer, (3) St. Michael, Correctional Officer, (4) Stunlis, Correctional Officer, (5) Stroble, Correctional Officer, and (6) Butler, Correctional Sergeant. (Id. at 1.)

Plaintiff seeks the filing of criminal charges against, and unspecified monetary damages from, each Defendant. Plaintiff is also seeking a transfer to a federal facility because the Defendants are engaged in an "ongoing conspiracy to murder" Plaintiff. (Id. at 3.)

IV. **ANALYSIS**

To state a claim under Section 1983, a plaintiff must allege two essential elements:

---

[1] "(a) Employees shall be alert, courteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public. Inmates and parolees shall be addressed by their proper names, and never by derogatory or slang reference. Prison numbers shall be used only with names to summon inmates via public address systems. Employees shall not use indecent, abusive, profane, or otherwise improper language while on duty. Irresponsible or unethical conduct or conduct reflecting discredit on themselves or the department, either on or off duty, shall be avoided by all employees." 15 CCR § 3391.

-3-

(1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### A. Personal Participation and Supervisory Liability

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability" loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff's Complaint does not understandably allege facts demonstrating what involvement, if any, each Defendant had in the alleged rights violation. Plaintiff cannot proceed against the Defendants unless he truthfully alleges how these named Defendants each *personally* violated his constitutional rights.

### B.     Excessive Force

Plaintiff appears to claim that 4 to 5 officers used excessive force against him in violation of the constitutional right to be free of such force.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, ––U.S. ––, ––, 130 S.Ct. 1175, 1178 (2010); See Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). The analysis of an excessive force claim brought pursuant to Section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). The Eighth Amendment's prohibition on cruel and unusual punishments applies to incarcerated individuals, such as Plaintiff. Whitley v. Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments

necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9–10.

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6–7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. Wilkens, 130 S.Ct. at 1176–77; See Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir.1991) (unprovoked and unjustified attack on prisoner violates constitution regardless of degree of injury).

Choking, hitting and kicking a prisoner can constitute excessive force where it is unnecessary and unjustified under the circumstances. De minimis physical force applied as a good faith response to a threat reasonably perceived by prison staff, with no alleged injury, is not excessive force.  At first blush, one could ask whether kicking would ever be necessary.  However, there are circumstances where it conceivably could be as, for example, where it is an accidental or incidental byproduct of an attempt to subdue a resisting prisoner.  In this case, Plaintiff provides little factual detail regarding the specific events immediately leading up to the use of force and the nature in which it was used.  It is not clear from the pleading whether Plaintiff was perceived to be a threat to the safety of Defendants or to prison discipline (e.g., by spitting or purporting to spit), what amount

and duration of force was applied, how the force was applied, how Plaintiff responded to it, or whether Plaintiff suffered any injuries as a result. Moreover, it appears at least one of the Defendants took steps to cause the others to immediately discontinue the use of force.

The Court will grant Plaintiff an opportunity to amend this claim. In order to state a cognizable claim for excessive force in an amended complaint, Plaintiff must provide truthful facts, not just speculation or suspicion, that address the above deficiencies and support the allegation that, under the circumstances, each named Defendant acted maliciously, sadistically, and motivated by a desire to cause harm to Plaintiff. See Dennis v. Huskey, 2008 WL 413772, *4, *5 (E.D.Cal. Feb.13, 2008) (Plaintiff provided sufficient factual detail to support the allegation that the Defendant slammed the food port door shut maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline).

### C.     Verbal Harassment

It may be that Plaintiff intends to state a verbal harassment claim in violation of his due process rights arising from Title 15 California Code of Regulations Section 3391(a) regarding "Employee Conduct".

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Under state law, the existence of a liberty interest created by prison regulations is

determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481–84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Discourteous and unprofessional conduct by prison staff of the type prohibited by Section 3391(a) does not rise to the level of atypical and significant hardship. Without establishing the existence of a protected liberty interest, plaintiff may not pursue a claim based on denial of due process.[2] Thus, the Court finds that Plaintiff fails to state such a claim and it is hereby dismissed with prejudice.

Additionally, Plaintiff may wish to state a verbal harassment claim in violation his Eighth Amendment right to be free from prison conditions that constitute cruel and unusual punishments. Such a claim must be objectively a "sufficiently serious" rights deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

However, "'verbal harassment or abuse ... is not sufficient to state a constitutional deprivation ....'" Whitley v. Lopez, 2011 WL 5101944, *3 (E.D. Cal. Oct. 25, 2011) (citing Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987)). Verbal harassment is not a "sufficiently serious" deprivation to satisfy an Eighth Amendment claim. See Farmer v.

---

[2] Courts repeatedly find no liberty interest created by penal codes. See Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983) (finding no liberty interest in Hawaii statute on housing placement); see also Aggers v. Tyson, 2010 WL 4867602, *1 (E.D.Cal. Nov.15, 2010) (finding that Penal Code § 5068 does not create a liberty interest protected by the Due Process Clause). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin, 515 U.S. at 485.

Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Thus, to the extent Plaintiff wishes to assert such a claim, it can not stand and is hereby dismissed with prejudice.

### D.     Conspiracy

Plaintiff also appears to seek relief based upon allegations that Defendants are conspiring to murder him. Conspiracy under Section 1983 merely provides a mechanism by which to plead or prove a constitutional or statutory violation. Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980).  Although conspiracy claims are actionable under Section 1983, "it is necessary that there have been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws." Landrigan 628 F.2d at 742.  A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss. Zemsky v. City of New York, 821 F.2d 148, 152 (2nd Cir. 1987).

There is no here no fact pled to support a cognizable claim for conspiracy to violate Plaintiff's constitutional rights. The Court finds this claim to be frivolous. A claim is factually frivolous if its allegations are bizarre, irrational or incredible. Edwards v. Snyder 478 F.3d 827, 829-830 (7th Cir. 2007); See  Neitzke v. Williams, 490 U.S. 319, 327 (1989) (a claim is factually frivolous under Section 1915 if it is "clearly baseless"); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible."). If the Plaintiff's claim is frivolous, then the Court has the discretion to dismiss where the deficiencies cannot be cured by amendment. Broughton v. Cutter Laboratories  622 F.2d 458, 460 (1980) (citing Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979)). The critical

inquiry is whether a constitution claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

Plaintiff's bare allegation that Defendants are conspiring to murder him, devoid of any suggestion of facts which might conceivably support it beyond Defendants' response to an apparent prison disruption attributed to Plaintiff, is patently incredible and unbelievable. This claim is frivolous and devoid of factual support or arguable question of law. See Neitzke, 490 U.S. at 327-328. Although the Court generally allows plaintiffs the opportunity to amend pleadings to address deficiencies noted by the Court during screening, amendment here would be futile for the reasons stated above. Thus, to the extent Plaintiff wishes to assert such a claim, it can not stand and is hereby dismissed with prejudice.

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'"Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing

the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...."Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed September 30, 2010;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from filing of this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to

/////

/////

prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:    January 6, 2012             /s/ *Michael J. Seng*
ci4d6                            UNITED STATES MAGISTRATE JUDGE