UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY HAYWOOD, | CASE NO. 1:10-CV-01808-MJS (PC) |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE |
| v. | |
| RAMON, et al., | (ECF NOS. 9, 10) |
| Defendants. | CLERK TO CLOSE FILE |
| | DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |

On September 30, 2010, Plaintiff Jerry Haywood, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.) After screening, Plaintiff's original Complaint was dismissed, but he was given leave to amend provided he did so on or before February 13, 2012. (ECF No. 9.)

-1-

Plaintiff failed to file an amended complaint by February 13, 2012. The Court issued an Order to Show Cause requiring that an amended complaint be filed by March 21, 2012 or cause be shown why the action should not be dismissed for failure to state a claim and failure to prosecute. (ECF No. 10.) Plaintiff failed also to meet this deadline or otherwise respond to the Court's Order to Show Cause.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a Court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

//////

//////

favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987); Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket weigh in favor of dismissal.  In these respects, the Court simply can not, and should not, indulge this Plaintiff's blatant disregard of its orders; the Court has a vast caseload before it. The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, since a presumption of injury arises from delay in resolving an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal.

Given Plaintiff's non-responsiveness to the Court's earlier orders and his pro se and in forma pauperis status, "less drastic alternatives" other than those taken to date (i.e., repeated orders to comply) do not exist and the ultimate sanction of dismissal is warranted.  Malone, 833 at 132-33.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's action be dismissed with prejudice for failure to state a claim upon which relief could be granted and failure to prosecute;

2. The Clerk shall close the case; and,

/////

/////

/////

-3-

3. This dismissal is subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   March 28, 2012             /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE